# EXHIBIT J

BLOOD HURST & O'REARDON | LLP

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100 F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

July 1, 2025

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7021 2720-0001 0088 7740)**

Toshihiro Mibe, CEO
Honda Motor Company Ltd.
1919 Torrance Blvd.
Torrance, CA 90501

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7021 2720-0001 0088 7757)**

Kazuhiro Takizara, CEO
American Honda Motor Co., Inc.,
1919 Torrance Blvd.
Torrance, CA 90501

Dear Sirs:

We represent Radley Alcantara, Ashley Bowman, Kevin Lucey, Austin Polson, Tiffany Richardson, and Brian Wise and a putative class of similarly situated Honda customers nationwide who contend that Honda sold vehicles with defective 1.5 liter and 2.0 liter turbo engines.[1] The engines are unable to tolerate the high compression forces of the turbocharge, resulting in engine coolant leaching through and collecting in the grooves of the engine's cylinder head. The leached coolant then degrades the engine's gasket, allowing coolant to leak into the engine's cylinders. This causes engine damage, reduced vehicle performance, and serious safety risks for the driver and passengers. Those relevant vehicles are 2018-2022 model year Honda CR-Vs, 2017-2022 Honda Accords, 2016-2022 Honda Civics, 2021-2022 Acura RDXs and 2019-2022 Acura TLXs (the "Honda Vehicles").

Consumers purchased these vehicles with the expectation that the vehicles were safe and had engines that would perform under normal circumstances. In advertising and selling these vehicles, Honda represented that these vehicles were safe, efficient, and dependable vehicles. Honda publicly touts its advancements in developing safe driving vehicles and claims their testing procedures, "allow[] [Honda] to make the road safer for everybody on it by engineering for worst case scenarios in an unprecedented way. All the while, Honda has been aware of this engine defect since before circulating the vehicles to the public. However, Honda failed to disclose the engine defect.

As a result of the omissions and representations detailed in the attached class action Complaint, our clients purchased their Honda Vehicles. Contrary to Honda's representations, these vehicles were not safe or reliable. Plaintiffs were left with vehicles that needed extra maintenance, broke down frequently, and cost them more money. Honda has and continues to fail to honor the warranty associated with this group of vehicles.

---

[1] The Class consists of all current and former owners or lessees of a Honda Vehicle (as defined in this letter) that was purchased or leased in the United States, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions.



8

BLOOD HURST & O'REARDON | LLP



Honda's omissions and representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to result in the sale of the Honda Vehicles to the consuming public. These practices constitute unfair and deceptive trade practices under Massachusetts General Law §93(A). These practices also constitute violations of the Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.* Specifically, Honda's practices violate California Civil Code §§ 1770(a) under, *inter alia*, the following subdivisions:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another.

(9) Advertising goods or services with intent not to sell them as advertised.

Also, please take notice that Honda breached the express and implied warranties it provided with the sale of Plaintiffs' Honda Vehicles. Honda issued written warranties to Honda Vehicle owners and lessees wherein Honda warranted that it would be responsible for repairs required as a result of defects due to material and/or workmanship. Honda, however, has failed to remedy the engine defect in the Honda Vehicles. Likewise, a warranty that the goods shall be merchantable is implied in all sales contracts. However, the Honda Vehicles do not pass without objection in the trade and are not fit for the ordinary purposes for which they are used. Honda's practices also constitute fraudulent omission / concealment, and unjust enrichment.

While the Complaint constitutes sufficient notice of the claims asserted and/or statutory exceptions do not require sending presuit notice, pursuant to Massachusetts General Law §93A(3) and California Civil Code § 1782, we hereby provide this written demand on behalf of our clients and all other similarly situated Class members that Honda immediately correct and rectify these violations by properly informing consumers of the engine defect present in the Honda Vehicles, obtain redress for those who have purchased Honda Vehicles, and initiate a corrective advertising campaign to re-educate purchasers regarding the engine defect in their Honda Vehicles. In addition, Honda must offer repair and replacement remedies to all Class members, and restitution and disgorgement, plus provide reimbursement for interest, costs, and fees. This letter is at least the second of its kind that Honda has received concerning this very same engine defect in the Honda Vehicles. A previous notice letter was provided to Honda on December 6, 2024 in the matter of *Bissel v. Honda* (S.D. Cal.) and, at the time of this writing, Honda has taken no corrective action to address this issue.

Pursuant to California Civil Code § 1782(d), if Honda does not fulfill these remedial obligations to Plaintiffs and all others similarly situated, Plaintiffs will amend the Complaint after 30 days from the date of this letter to seek damages. Plaintiff will also pursue a Massachusetts Consumer Protection Act (Chapter 93A) claim on behalf of members of the Class. Thus, to avoid protracted litigation, it is in the interest of all parties concerned that Honda address this problem immediately.

We await your response.

Sincerely,

TIMOTHY G. BLOOD

TGB:jk

Enclosure